| | |
|---|---|
| RONALD C. KOLESAR, and<br>THOMAS KLAUS,<br><br>   Plaintiffs,<br><br>   v.<br><br>DRIPDROP HYDRATION, INC.,<br><br>   Defendant. | 1:21cv0020<br>LEAD CASE |
| ROBERT JAHODA, THOMAS KLAUS,<br><br>   Plaintiffs,<br><br>   v.<br><br>RXEED, LLC,<br>   Defendant. | 21cv0207<br>MEMBER CASE |

**MEMORANDUM ORDER DENYING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant-Rxeed's Motion for Summary Judgment.[1] ECF 50. Plaintiffs filed a timely response in opposition, a concise statement of material facts, and exhibits to support their concise statement of material facts. ECF 62, ECF 63, ECF 64. After careful review and consideration, the Court will deny the Defendant's motion without prejudice for the reasons set forth herein.

**I. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is

---

[1] Defendant did not follow the Federal Rules of Civil Procedure nor this Court's local rules governing same. Because this Court is denying the motion without prejudice to refile upon the competition of discovery, and should Defendant refile its motion, the Court urges Defendant to follow the Federal Rules of Civil Procedure, the local rules of civil procedure, and to examine the Court's own filing requirements as set forth on chamber procedures section of its website. https://www.pawd.uscourts.gov/content/arthur-j-schwab-senior-district-judge

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – i.e., depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

## II. Background

Because the Court writes primarily for the benefit of the parties, the facts of the instant matter shall be truncated.

Plaintiffs are blind or visually-impaired individuals who claim Defendant's website is not accessible to them in violation of the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  ECF 62.  Plaintiffs' seek a permanent injunction against the Defendant at issue (Rxeed, LLC), to ensure Defendant's website will become, and will remain, fully accessible to Plaintiffs and other blind or visually-impaired individuals.  Id.

Per Plaintiffs' complaint, Defendant Rxeed "is a one-stop shop that connects patients, pharmacies, and drug wholesalers in an online marketplace for prescriptions."  ECF 1 at civ. No. 2:21-cv-00207.  Plaintiffs further alleged that, "[c]onsumers may research and purchase Defendant's products and services and access other brand-related content and services at https://rxeed.com ("Website"), a website Defendant owns, operates, and controls."  Id.

Defendant denies that it sells prescription drugs on a retail level to individuals or members of the consuming public.  ECF 50.  Defendant claims, to the contrary, that it is "a business that strictly services other businesses in the healthcare industry . . . providing wholesale marketplace services to institutional clientele."  Id., p. 2.  Defendant further contends that "it does not, and has never, conducted retail sales to individuals or otherwise operated an 'online store' for the sale of pharmaceuticals to individual human beings."  Id., p. 2-3.

**III. Analysis**

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Rule 56(c) requires the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." Id. If a party bears the burden of proof at trial and has failed demonstrate the existence of an element essential to that party's case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" thereby entitling the moving party to a judgment as a matter of law. Id. at 323. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a) . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Turning to the facts of the instant case, Plaintiffs' complaint alleges that Defendant, by "failing to provide its website's content and services in a manner that is compatible with auxiliary aids, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation: (a) denying individuals with visual disabilities opportunities to participate in and benefit from the goods, content, and services available on its Website; (b) affording individuals with visual disabilities access to its Website that is not equal to, or effective as, that afforded others; . . ." ECF 1, ¶46. In short, Plaintiffs claim that Defendant's website is not accessible to them due to the fact that Defendant's website is not compatible with auxiliary aids (such as screen reader software) utilized by blind and visually-impaired individuals. Id., at ¶¶ 42-44.

In support of their motion for summary judgment, Defendant argues that its websites are not, and never have been, intended for individual members of the public to use to obtain pharmaceutical drugs. In support of this assertion, Defendant attached an affidavit prepared and signed by the company's President, Omar Hassad. In his affidavit, Mr. Hassad states, "I am the

4

sole owner, shareholder and operator of Rxeed, LLC . . . .  Since the date of its creation until the present day, Rxeed, LLC has never sold pharmaceuticals (prescription or otherwise) to individual human beings, but has instead been in the business of facilitating sales between buyers and sellers of pharmaceuticals, from the drug wholesalers to institutional clientele buyers (such as small pharmacies, physicians, and hospitals) through the company's website . . . ." ECF 50-2. Mr. Hassad's affidavit further indicates that, "[s]ince the date of its creation until the present day, Rxeed, LLC has never sold any retail sales, whatsoever, of any pharmaceuticals to any customers over its website.  Instead, Rxeed hosts an online marketplace . . . in which drug wholesalers advertise their inventory to potential buyers such as institutional healthcare clientele, such as small pharmacies, physicians, and hospitals, and other such healthcare institutions." Id.

Contrary to Mr. Hassad's assertions, Plaintiffs contend that at the time they attempted to use Defendant's website, the website "offered services to individuals including Plaintiffs – indeed prior to and up until Plaintiffs attempted to use the Website, the Website had countless references to consumers and patients." ECF 62 (emphasis omitted).  In addition, Plaintiffs assert that only after their lawsuit was filed "in an apparent effort to avoid liability . . . Defendant (first) removed almost every reference to 'patient' or 'consumer' on its Website, then (second) asserted under oath that the Website has never offered goods or services to consumers." Id.

The Court finds that there are facts in dispute.  First and foremost, was and is Rxeed, LLC a company that sells only to industrial/business clientele?  Rxeed's owner states that Rxeed "has never sold" any pharmaceuticals to an individual.  While that may be true, it does not prove that this website-only business is a platform solely for business-to-business bidding on pharmaceuticals.  In fact, the language of the website belies this assertion. One section within the website reads:

5

> Rxeed the only "Electronic Marketplace" for prescriptions. Like Amazon.com is for many other products, Rxeed is a secure, Internet website that allows patients to make better decisions when purchasing medications. Rxeed provides the information patients and prescribers (Independent Pharmacies and Wholesalers) need to choose the best value drugs; then gets bids from pharmacies that want to win new prescription business. It is a virtual community bringing together patients, independent pharmacies and drug wholesalers.

ECF 64-3.

Second, as noted by Plaintiffs, the website contains testimonials from various individuals who appear to have personally used the website to obtain better pricing on their individual prescriptions.  For example, "Samuel O." posted the following:

> I paid almost $100.00 more for a prescription at the CVS Pharmacy than I would have bidding through Rxeed.com. I paid $179.50 after running my insurance card through. The price on Rxeed.com was just $79.68. Thank you Rxeed.com
> Samuel O.
> 29 June 2019

ECF 64-4, p. 2.  Similarly, another testimonial posted to Defendant's website reads:

> What an amazing pharmacy Marketplace! I needed a prescription for my stomach ulcer. I have a high deductible under my insurance plan. Rxeed was there to save the day and my wallet. Saved me over $98.00. Thank you Rxeed !!
> Ron F.
> 24 November 2018

Id.  Finally, a third testimonial reads:

> I paid half as much as what other pharmacies wanted from me for the same generic medication. Rxeed.com truly saved me $$$. I love the fact that independent pharmacies fight for my business.
> Vincent J.
> 20 September 2018

Based on all of the foregoing information published on the Defendant's own website, it appears to this Court that Defendant did, in fact, make sales to individual members of the public. If there is an explanation as to how the company's description and the testimonials support a

finding that this website operates as a platform solely for institutional clients and not individual members of the public, then that evidence needs to be extracted through the discovery process.

At this juncture there is a clear conflict between the evidence Defendant presented through Mr. Hassad's affidavit and the testimonials posted on Defendant's website. If Defendant's website allows individual pharmacies to bid on an individual's pharmaceutical needs, then the claims raised by the blind and visually impaired Plaintiffs in this lawsuit survive. There is a dispute of fact as to whom Defendant actually provides its service – companies only, or individual, public consumers as well as corporations. For this reason, Defendant's motion for summary judgment is DENIED WITHOUT PREJUDICE to refile upon the completion of discovery.

**SO ORDERED** this 20th day of May, 2021.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record