IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD C. KOLESAR, and THOMAS KLAUS, <br><br>    Plaintiffs, <br><br> v. <br><br> DRIPDROP HYDRATION, INC., <br><br>    Defendant. | Lead Case No. 1:21-cv-20 |
| THOMAS KLAUS and ROBERT JAHODA, <br><br>    Plaintiffs, <br><br> v. <br><br> VEJO, INC., <br><br>    Defendant. | Member Case No. 2:21-cv-60 |

**ORDER**

AND NOW, this  6th  day of  August , 2021, upon consideration of Plaintiffs' Motion for Entry of Default Judgment and Defendant's failure to answer or respond to Plaintiffs' Complaint within the time prescribed by the Federal Rules of Civil Procedure, the Court finds:

1. The Court has personal jurisdiction over the parties and over the subject matter of this action.

2. Plaintiffs are members of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.

3. Defendant Vejo, Inc. is an online retailer that sells nutrition products and devices to the public through its website, www.vejo.com ("Website").

4. Defendant is a public accommodation pursuant to 42 U.S.C. § 12181(7) and its Website is property which Defendant must make accessible to individuals with disabilities under the ADA.

5. The Plaintiffs have patronized Defendant's Website but are unable to access Defendant's online goods and services because the Website is incompatible with the screen reader technology that individuals with visual disabilities use to access content on the Internet.

6. Defendant has violated Title III of the ADA and its implementing regulations by failing to make its Website accessible to screen reader software.

7. Without relief, Defendant will continue to discriminate against Plaintiffs and other individuals who require that Defendant create or modify its corporate policies to ensure its Website becomes, and remains, accessible to screen reader software.

**It is therefore DECLARED that:**

8. At the commencement of this action, Defendant was in violation of Title III of the ADA and its implementing regulations in that Defendant took no action that was reasonably calculated to ensure that its Website, www.vejo.com, is fully accessible to, and independently usable by, blind individuals.

**It is also ORDERED that:**

9. Pursuant to 42 U.S.C. § 12188(a)(2), Defendant, and all persons and entities in privity, combination, participation or acting in concert with Defendant, including but not limited to its agents, servants, employees, franchisees, distributors, licensees, successors and assigns, attorneys, officers and directors, whether on behalf of any other business entity heretofore or hereafter created, shall by the deadlines provided below take the following steps to bring its Website, www.vejo.com, into full compliance with the requirements set forth in the ADA and its

implementing regulations, so that it is fully accessible to, and independently usable by, blind individuals:

| Compl. ¶ | Relief Requested in Complaint | Defendant's Deadline to notify Plaintiffs' counsel of completion |
|---|---|---|
| 9(a) | Defendant retains a qualified consultant acceptable to Plaintiffs ("Approved Accessibility Consultant")[1] who shall assist it in improving the accessibility of its Website, including all third party content and plug-ins, so the goods and services on the Website may be equally accessed and enjoyed by individuals with vision related disabilities. | 30-days of Court's Order |
| 9(b) | Defendant works with the Approved Accessibility Consultant to ensure that all employees involved in website development be given accessibility training on a biennial basis, including onsite training to create accessible content at the design and development stages. | 180-days of Court's Order and every 180-days thereafter until the Court orders otherwise |
| 9(c) | Defendant works with the Approved Accessibility Consultant to perform an automated accessibility audit on at least a quarterly basis to evaluate whether Defendant's Website may be equally accessed and enjoyed by individuals with vision related disabilities on an ongoing basis. | 90-days of Court's Order and every 90-days thereafter until the Court orders otherwise |
| 9(d) | Defendant works with the Approved Accessibility Consultant to perform end-user accessibility/usability testing on at least a quarterly basis with said testing to be performed by humans who are blind or have low vision, or who have training and experience in the manner in which persons who are blind use a screen reader to navigate, browse, and conduct business on websites, in addition to the testing, if applicable, that is performed using semi-automated tools. | 90-days of the Court's Order and every 90-days thereafter until the Court orders otherwise |

---

[1] For purposes of this Motion, Plaintiffs designate TPGi the Approved Accessibility Consultant. *See* https://www.tpgi.com/about/ ("TPGi (Previously known as The Paciello Group) is an accessibility solutions provider that supports all phases of accessibility through best-in-class management software and professional services.") (last accessed August 5, 2021).

| | | |
|---|---|---|
| 9(e) | Defendant incorporates all of the Approved Accessibility Consultant's recommendations within sixty (60) days of receiving the recommendations. | 60-days of receiving recommendations until the Court orders otherwise |
| 9(f) | Defendant work with the Approved Accessibility Consultant to create an Accessibility Policy that will be posted on its Website, along with an e-mail address, instant messenger, and toll free phone number to report accessibility-related problems. | 60-days of the Court's Order |
| 9(g) | Defendant directly link from the footer on each page of the Website a statement that indicates that Defendant is making efforts to maintain and increase the accessibility of its Website to ensure that persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Defendant through the Website. | 60-days of the Court's Order |
| 9(h) | Defendant accompanies the public policy statement with an accessible means of submitting accessibility questions and problems, including an accessible form to submit feedback or an email address to contact representatives knowledgeable about the Accessibility Policy. | 60-days of the Court's Order |
| 9(i) | Defendant provides a notice, prominently and directly linked from the footer on each page of the Website, soliciting feedback from visitors to the Website on how the accessibility of the Website can be improved. The link shall provide a method to provide feedback, including an accessible form to submit feedback or an email address to contact representatives knowledgeable about the Accessibility Policy. | 60-days of the Court's Order |
| 9(j) | Defendant provides a copy of the Accessibility Policy to all web content personnel, contractors responsible for web content, and Client Service Operations call center agents ("CSO Personnel") for the Website. | 60-days of the Court's Order |

| | | |
|---|---|---|
| 9(k) | Defendant trains no fewer than three of its CSO Personnel to automatically escalate calls from users with disabilities who encounter difficulties using the Website. Defendant shall have trained no fewer than three of its CSO personnel to timely assist such users with disabilities within CSO published hours of operation. Defendant shall establish procedures for promptly directing requests for assistance to such personnel including notifying the public that customer assistance is available to users with disabilities and describing the process to obtain that assistance. | 180-days of Court's Order |
| 9(l) | Defendant modifies existing bug fix policies, practices, and procedures to include the elimination of bugs that cause the Website to be inaccessible to users of screen reader technology | 180-days of Court's Order |
| 9(m) | Plaintiffs, their counsel, and their experts monitor the Website for up to two (2) years after the Approved Accessibility Consultant validates the Website is free of accessibility errors/violations to ensure Defendant has adopted and implemented adequate accessibility policies. To this end, Plaintiffs, through their counsel and its experts, shall be entitled to consult with the Approved Accessibility Consultant at their discretion, and to review any written material, including but not limited to any recommendations the Approved Accessibility Consultant provides Defendant. | Until the Court orders otherwise |

10.     Defendant pay Plaintiffs $17,297.00, an amount equal to the reasonable attorneys' fees and costs that Plaintiffs have incurred to date, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, within 45-days of this Order. The payment shall be made to "Carlson Lynch, LLP" and sent via next-day delivery to Carlson Lynch, LLP, Attn: Nicholas A. Colella, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222.

11.     The Court shall retain jurisdiction for a period of two (2) years after the date on which the Approved Accessibility Consultant validates the Website is free of accessibility errors/violations to ensure Defendant has complied with the Court's Order, and adopted and implemented adequate accessibility policies. Until ordered otherwise, Plaintiffs, as the prevailing

party, may file subsequent fee petitions to reimburse them for all fees and costs they incur in the future to monitor Defendant's compliance with the Court's Order. *See People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 235 (3d Cir. 2008) ("This Court, like other Courts of Appeals, allows fees to be awarded for monitoring and enforcing Court orders and judgments.").

BY THE COURT:

s/Arthur J. Schwab
Arthur J. Schwab
Senior United States District Judge